**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES LOUIS JONES, | No. 13-35806 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-01527-KI |
| v. | |
| STEVE FRANKE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted November 18, 2014
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Oregon state prisoner James Louis Jones appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction of murder. We affirm.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Jones cites *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to support his claim for relief, but his argument stretches *Martinez* beyond its bounds in multiple ways. Perhaps most importantly, he failed to demonstrate that his underlying claim was a substantial one, as required under *Martinez* to overcome a procedural default. *Id.* at 1318.

In particular, the contention that evidence that "Jones still lived in the home with his wife" would have had an impact on the jury's verdict is too implausible. The specific details of what happened – that Jones had stayed with relatives for a few days after he and his wife had a fight – were not in dispute. That he may not have perceived his departure as permanent was neither seriously contested or important to the verdict.

Instead, the evidence strongly supported the conclusion that Jones was not surprised by the discovery of another man when he returned to the house. The original fight was over his belief that his wife had something going with another man. When he initially returned to the house he saw the victim's car parked in the driveway and the victim's clothes and fishing pole in the house. He told a friend about those discoveries and his suspicions. When he returned before the fatal shooting, he parked some distance away and carried a pistol with him to the house.

After hearing that evidence, the jury rejected the defense of extreme emotional disturbance. It was highly unlikely that the jury would have reached a different conclusion if presented with evidence, or more evidence, that Jones still viewed the house as his home. The Oregon Circuit Court denied Jones's post-conviction relief petition on the merits, concluding that there was "[n]o evidence of inadequacy or prejudice," applying the two-prong standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Jones has not presented a substantial argument to the contrary.

**AFFIRMED.**